1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANE W. KNUDSEN, | ) | Case No. CV 11-05093-JEM |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER RE ATTORNEY'S FEES |
| CAROLYN M. COLVIN, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## I.  INTRODUCTION

On May 29, 2012, this Court reversed the decision of the Commissioner of Social Security denying benefits to Plaintiff and remanded the case to the Commissioner for payment of benefits.  Subsequently, the Commissioner determined that Plaintiff was entitled to past due benefits in the amount of $127,969.

Now before the Court is the motion of Plaintiff's counsel Young Cho with the Law Offices of Lawrence D. Rohlfing for attorney's fees permitted under the Social Security Act, 42 U.S.C. § 406(b), which permits an award of fees to counsel from the benefits received by Plaintiff, not in excess of 25% or $31,992.25.  Pursuant to the parties' stipulation and the order of this Court, Plaintiff's counsel previously received $4,250 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), paid by the government.  Section

406(b), however, permits an award of fees from the benefits received by Plaintiff.  In accordance with a contingent fee agreement signed by Knudsen, counsel seeks an order awarding him $26,000 and requiring him to refund to Plaintiff $4,250, the amount of the EAJA fees previously received by counsel.  Such an order would represent approximately 20% of the benefits awarded Plaintiff, which is within the 25% cap.

The Commissioner filed a response which did not assent or object to § 406(b) fees. The Commissioner was not a party to the contingent fee agreement between Knudsen and the Law Offices of Lawrence D. Rohlfing, and offered an analysis of the fee request in his role "resembling that of trustee" for Plaintiff.  Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002).

## II.  APPLICABLE LAW

42 U.S.C. § 406(b)(1) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In Gisbrecht, the United States Supreme Court gave this guidance in determining the reasonableness of § 406(b) fees:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . .  Within

1    the 25 percent boundary, . . . . the attorney for the successful claimant must

2    show that the fee sought is reasonable for the services rendered.

3    535 U.S. at 807 (footnotes omitted).

4    The Ninth Circuit in <u>Crawford v. Astrue</u>, 586 F.3d 1142 (9th Cir. 2009), applying

5    <u>Gisbrecht</u>, instructed that district courts must look to the fee agreement and test it for

6    reasonableness by examining whether the amount needs to be reduced.  <u>Id.</u> at 1149.

7    District courts "may properly reduce the fee for substantial performance, delay, or benefits

8    that are not in proportion to the time spent on the case."  <u>Id.</u> at 1151 citing <u>Gisbrecht</u>, 535

9    U.S. at 808.  Lodestar computations are considered as an aid in assessing the

10   reasonableness of the fee.  <u>Gisbrecht</u>, 535 U.S. at 808.

11                                    **III.  DISCUSSION**

12   Knudsen signed a standard 25% contingent fee agreement with the Law Offices of

13   Lawrence D. Rohlfing, the maximum allowed by 406(b).  There is no basis for finding any

14   fraud or overreaching in the making of the agreement.

15   25% of Plaintiff's awarded past benefits of $127,969.00 is $31,992.25.  Rohlfing

16   seeks $26,000.  The amount requested is approximately 20% of Plaintiff's benefits which is

17   less than the 25 percent cap imposed by § 406(b).  The fee amount requested would be an

18   effective hourly rate of $973.78 per hour for 26.7 hours of attorney time.  The hourly rate

19   requested is not materially different from awards in other 406(b) cases, including <u>Crawford</u>,

20   586 F.3d at 1153 (approving contingent fee awards that resulted in effective hourly rates of

21   $875 and $902).

22   Neither the character of the representation nor the results achieved suggest that the

23   fee sought is unreasonable.  Rohlfing was not responsible for any delay in the case.  The

24   Court concludes that the fee sought is reasonable for the services rendered.

25   Rohlfing seeks an order requiring him to refund $4,250 in previously awarded EAJA

26   fees under 28 U.S.C. § 2412(d) paid to him by the government.

27

28

1    The Commissioner observes that Rohlfing has indicated that administrative counsel

2    will seek administrative fees under § 406(a) but that issue is not before the Court and in any

3    event Rohlfing represents that the aggregate of all fees received by counsel from

4    administrative fees and Court awards will not exceed the 25% withholding in this case.  The

5    Court accepts that representation.

6                                    **IV.  DISPOSITION**

7    Plaintiff's counsel's fee request for $26,000 is granted.  Counsel shall reimburse

8    Plaintiff $4,250, the amount previously paid by the government under EAJA.

9

10   DATED: July 10, 2015                          _____/s/ John E. McDermott_____

11                                                JOHN E. MCDERMOTT
                                                 UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28